JAMES L. TUCKER'S EXRS. *v.* CYRUS AND M. CRAWFORD'S ADMRS.

Executors and Administrators—Administrator de Bonis Non-Refunding Bond—
    Settlement.
        An adminstrator de bonis non cannot be compelled to accept a re-
    funding bond taken by an executor and thereby discharge the legatees
    from liability incurred by their testator as executor.

APPEAL FROM WASHINGTON CIRCUIT COURT.

September 27, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

We extract from the elaborate statement of facts in the peti-
tion, that in 1855, Cyrus Crawford died intestate in Washington
county, having given his estate to his wife, Mrs. M. F. Crawford,
for life with the power of disposing of it by will except $1,000
which he bequeathed to Mrs. Willis, and appointed his wife
his executrix—and she qualified as such; about 18 months after
the death of her husband Mrs. Crawford died, having disposed by
will of all her estate, and that left her by her husband. James
L. Tucker was appointed administrator with the will annexed
of Mrs. Crawford at the February term, 1857, of the Washington
county court—and in March following the; said Tucker was
appointed by said court administrator *cum testamento annexo de
bonis non* of Cyrus Crawford.

Some time in 1868, said Tucker, having made and published
his will died, and appellants qualified as his executors, and filed
this petition against appellee, who, in the mean time, had been
appointed administrator *de bonis non* with the will annexed, of
Cyrus Crawford, and also of Mrs. M. F. Crawford, and
also against the legatees and husband, the devisees of Mrs.
M. F. Crawford and others and allege among other things
that said Tucker in April, 1858, settled his accounts with
the judge of the Washington county court both as administra-
tor of Cyrus Crawford, and also of Mrs. M. F. Crawford, from
which it appeared that of the assets of the former, the latter had

received $1917.64 and had paid out $1575.61, leaving a balance of $342.03 in her hands at her death.

That on the 7th of April, 1858, said Tucker paid to Willis and wife the legacy left to Mrs. Willis by C. Crawford with interest being $1092.16, and took their receipt, and a refunding bond with surety—That appellants had paid over all the assets of the Crawfords in their hands as executors of Tucker to appellee—And from an incomplete settlement of the accounts of their testator as the personal representative of the two Crawfords, that all the assets with interest computed to 21st of November, 1860, amounted to $1242.29 and their credits amounted to $1484.66, showing a balance in favor of their estate $242.37; that among the credits claimed and which he had paid was one of $144.50 to appellee, but which was not properly verified and proved.

They pray for a settlement of the accounts of their testator, Tucker, as the personal representative of the two Crawfords— and as their then representative they make appellee a defendant and seek a settlement with him—and seek a final settlement so far as their estate was connected with the Crawfords, whose estates appellee represents, and although so far as they seek to compel him to take the refunding bond of Willis and wife and discharge them from the responsibility that their testator may have incurred for over payments to said Willis and wife and others, and to make appellee settle his fiducial accounts if they in fact ask it, that relief can not be granted. Still the other relief sought by them, appellants from their allegations appear to be entitled.

Wherefore Judge Hardin not sitting, the judgment sustaining appellee's demurrer to the petition must be *reversed* and the cause remanded with directions to overrule said demurrer and for further proceedings consistent herewith.

*Harlan,* for appellant.

*Riley,* for appellee.